IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR LAWTON CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-025 |
| | ) | |
| LYNN SHEFFIELD, Sheriff; LT. TOMMY | ) | |
| BARRENTINE; and DR. PETER WROBELS, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff filed the above-captioned case on May 4, 2017, and because he was proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 2.) The Court explained that Plaintiff is responsible for serving each defendant and explained how service could be accomplished. (Id. at 1-2.) The Court specifically informed Plaintiff that, under Fed. R. Civ. P. 4(m), he had 90 days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id. at 2.) On August 4, 2017, the Court directed Plaintiff to show cause as to why he had not served Defendant Wrobels within the time allotted by Fed. R. Civ. P. 4(m). (Doc. no. 8.) Plaintiff has now responded and indicates the people he had instructed to serve Defendant Wrobels incorrectly served him only with summons and no complaint. (Doc. nos. 10, 12.) Because Plaintiff is incarcerated,

he was only able to receive information about the faulty service on August 4, 2017. (Id.) Plaintiff asks for an extension of time to properly serve Defendant Wrobels. (Id.)

A court may extend the time for service, with or without a showing of good cause. Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007); Horenkamp v. Van Winkle And Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005). Given that Plaintiff is incarcerated and has diligently pursued service of all named Defendants, the Court will extend the time for service and allow Plaintiff another chance to effect personal service on Defendant Wrobels. Accordingly, the Court **EXTENDS** the time for service until October 2, 2017, and **DIRECTS** the Clerk to attach one civil summons and one copy of the complaint for personal service of Defendant Wrobels. However, the Court will not appoint a process server as Plaintiff requests. (See doc. no. 10, p. 2; doc. no. 12, p. 2.) He is responsible for ensuring personal service is accomplished correctly. As this extension may moot Defendant Wrobels Motion to Dismiss (doc. no. 11), the Court will hold that motion in abeyance until the extended time for service has passed. Because the Court received Plaintiff's response to its Order, the Court **DENIES AS MOOT** Plaintiff's motions for an extension to respond. (Doc. nos. 10, 12.)

Plaintiff also filed a motion seeking clarification on the start of discovery. (Doc. no. 13.) Through a scrivener's error, the Court instructed Plaintiff to "begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the original complaint." (Doc. no. 2, p. 3.) However, as noted in the Court's August 10, 2017, Order, "[d]iscovery commences with the last answer of a defendant named in a complaint." (Doc. no. 9, p. 1.) Therefore, once all Defendants have been served and

responded to the complaint, the Court will execute a scheduling notice detailing all the deadlines in the case. As the Court has now instructed Plaintiff on the appropriate discovery deadlines, it **DENIES AS MOOT** Plaintiff's motion. (Doc. no. 13.)

SO ORDERED this 1st day of September, 2017, at Augusta, Georgia.

_/s/ Brian K. Epps_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA