IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ARTHUR LAWTON CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 317-025 |
| | ) |
| LYNN SHEFFIELD, Sheriff; LT. TOMMY BARRENTINE; and DR. PETER WROBEL, | ) ) |
| | ) |
| Defendants. | ) |

_____

**O R D E R**
_____

Before the Court is Plaintiff's Repayment Request for Unnecessary Expenses in Service of Process. (Doc. no. 26.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I.  BACKGROUND

Plaintiff, an inmate at Johnson State Prison in Wrightsville, Georgia, commenced this § 1983 case *pro se* and paid the $400.00 filing fee. Because he was proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case, including an explanation that Plaintiff is responsible for serving each defendant and how service could be accomplished. (Doc. no. 2, pp. 1-2.) The Court specifically informed Plaintiff that, under Fed. R. Civ. P. 4(m), he had 90 days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id. at 2.)

Plaintiff allegedly served Dr. Wrobel with a request for waiver of service on May 16, 2017. (Doc. no. 26, pp. 2, 5.) When no waiver was returned, Plaintiff acquired Summons for Dr. Wrobel from the Clerk of Court on June 28, 2017. (Doc. no. 4.) On July 31, 2017, Dr. Wrobel received a copy of the Summons, but it did not include a copy of the Complaint or a request to waive service. (Doc. no. 28-1, Ex. A, ¶ 3.)

On August 4, 2017, the Court directed Plaintiff to show cause as to why he had not served Defendant Wrobel within the time allotted by Fed. R. Civ. P. 4(m). (Doc. no. 8.) Plaintiff responded, indicating the people he had instructed to serve Defendant Wrobel incorrectly served him only with the summons and no complaint and asking for an extension of time to properly serve Defendant Wrobel. (Doc. nos. 10, 12.) In the meantime, on August 17, 2017, Dr. Wrobel filed a Motion to Dismiss based on insufficient service of process, lack of personal jurisdiction, and failure to file within the applicable statute of limitations. (Doc. no. 11.) The Court extended the time for service until October 2, 2017, and held the Motion to Dismiss in abeyance until the extended time for service had passed. (Doc. no. 14.)

On September 1, 2017, the Clerk of Court issued a new Summons for Dr. Wrobel. (Doc. no. 15.) On September 25, 2017, Dr. Wrobel received a copy of the new Summons and the Complaint, but again did not receive a request to waive service. (Doc. no. 28-1, Ex. A, ¶ 5.) Dr. Wrobel filed his answer on October 13, 2017. (Doc. no. 20.)

## II. DISCUSSION

Federal Rule of Civil Procedure 4(c), which governs service of the complaint, states in relevant part:

> **(1)** *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c). However, in lieu of personal service, a plaintiff may request a defendant waive service, as set forth in Federal Rule of Civil Procedure 4(d):

> **(1) *Requesting a Waiver.*** An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
>
>> **(A)** be in writing and be addressed:
>>
>>> **(i)** to the individual defendant; or
>>>
>>> **(ii)** for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
>>
>> **(B)** name the court where the complaint was filed;
>>
>> **(C)** be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
>>
>> **(D)** inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
>>
>> **(E)** state the date when the request is sent;
>>
>> **(F)** give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and
>>
>> **(G)** be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1). If a defendant fails to return a waiver request "without good cause," a court must impose "the expenses later incurred in making service." Fed. R. Civ. P. 4(d)(2).

Here, Dr. Wrobel swears he never received a waiver request. (Doc. no. 28-1, Ex. A, ¶¶ 3, 5.) Moreover, although he attached a notice of lawsuit and request to waive service form addressed to Dr. Wrobel on May 16, 2017, Plaintiff provides nothing indicating Dr. Wrobel

3

received the request or that it satisfied the requirements of Fed. R. Civ. P. 4(d)(1). Indeed, Plaintiff does not allege or produce evidence showing he satisfied subsection (D) by including with the form a copy of the complaint, two copies of the waiver form, and a prepaid envelope for returning the waiver form. Under such circumstances, it is reasonable to believe Dr. Wrobel never received a waiver request, and thus his failure to waive service was supported by "good cause." See Fed. R. Civ. P. 4, 1993 Advisory Committee Note ("Sufficient cause not to shift the cost of service would exist, however, if the defendant did not receive the request . . . ."); see also Butler v. Crosby, No. 3:04CV917-J-32MMH, 2005 WL 3970740, at *3 (M.D. Fla. June 24, 2005) ("[W]here defendants receive insufficient notice of the action because of plaintiffs' failure to comply properly with Rule 4(d)(2), courts find good cause for defendants' failure to return waivers.") Accordingly, Plaintiff is not entitled to recover costs associated with serving Dr. Wrobel.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Repayment Request for Unnecessary Expenses in Service of Process. (Doc. no. 26.)

SO ORDERED this 5th day of January, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA