IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| ARTHUR LAWTON CLARK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CV 317-025 |
|  | ) |  |
| LYNN SHEFFIELD, Sheriff; LT. TOMMY | ) |  |
| BARRENTINE; and DR. PETER WROBEL, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**O R D E R**

Plaintiff, an inmate at Autry State Prison in Pelham, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Dodge County Law Enforcement Center ("DCLEC") in Eastman, Georgia. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Compel. (Doc. no. 32.)

**I. BACKGROUND**

The complaint alleges Defendants were deliberately indifferent to Plaintiff's medical needs while he was housed at DCLEC. (See generally doc. no. 1.) On January 29, 2018, Plaintiff filed a "request to clarify," in which he asked for legal advice regarding the number of interrogatories and requests for productions he could propound and the sufficiency of Defendants' interrogatory responses. (Doc. no. 30.) The Court denied Plaintiff's request on the ground it may not give legal advice. (Doc. no. 31.) Plaintiff then filed the present

motion to compel seeking an order from the Court compelling Defendants to answer certain interrogatory requests. (Doc. no. 32.) The motion did not contain a certification that Plaintiff conferred in good faith with opposing counsel before filing the motion. (Id.) Defendants oppose the motion on the grounds it does not comply with Fed. R. Civ. P. 37 or the Local Rules and they have already provided complete responses to Plaintiff's requests. (Doc. nos. 35, 37, 41.)

## II. DISCUSSION

Under Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." The Federal Rules of Civil Procedure strongly favor full discovery whenever possible, Republic of Ecuador v. Hinchee, 741 F.3d 1185, 1189 (11th Cir. 2013), and "[w]hen there is a doubt over relevancy, the court should still permit discovery," Coker v. Duke & Co., 177 F.R.D. 682, 685 (M.D. Ala. 1998). However, "the Court obviously cannot compel production of documents that do not exist" and "is generally entitled to rely on representations made in discovery requests and responses." Hunter v. Corr. Corp. of Am., No. CV 314-035, 2015 WL 5042245, at *2 (S.D. Ga. Aug. 26, 2015) (internal citations omitted).

Plaintiff's motion does not contain, as is required by Local Rule 26.5, a statement that Plaintiff has made a good faith effort to resolve this discovery dispute with defense counsel. (See doc. no. 32.) As the Court previously informed Plaintiff:

> If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

(Doc. no. 2, p. 4.)

The duty-to-confer prerequisite is not an empty formality. Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010). Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion. See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion). Therefore, Plaintiff's motion is ripe for denial for failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5. Nevertheless, the Court will address each of Plaintiff's requests on the merits.

### A. Interrogatories to Defendant Sheffield

In dispute for Defendant Lynn Sheffield, Sheriff, are two interrogatories as follows:

> *10. Was the medical provider, Dr. Wrobel, or the employees of Southern Correctional Medicine provided records of Mr. Clark's em. rm. medical exam and subsequent booking by your employees at the Dodge Co. L.E.C. on May 12-13[], 2015?*

3

*RESPONSE: Defendant is not personally aware whether such records (if they exist) were provided to Southern Correctional Medicine, but the normal process is for medical documentation to be provided to the Southern Correctional Medicine personnel at the Jail.*

*12. On July 9, after visiting Mr. Clark, his atty. Mitch Warnock discovered he had suffered a stroke. This fact was referred to on pages 34, 35, and 42 in (exhibit 3) of Mr. Clark's G.D.C. medical records. Did you give the order to transport Mr. Clark to the Diag. and Classification Prison in Jackson, GA, that day? Why was he transported that day instead of receiving much needed medical attention?*

*RESPONSE: Defendant does not admit the truth or accuracy of the statement about the record, which has not been provided with Plaintiff's request. Subject to the foregoing, after Plaintiff's sentencing, Defendant called the Department of Corrections to have Plaintiff transferred. Plaintiff was then transported following notice by the Department of Corrections that there was space for Plaintiff at a state correctional facility. Defendant does not recall info regarding any alleged stroke, and such an issue did not have a bearing on the transfer timing.*

Despite noting the records referenced in the interrogatories were not attached as stated, Sheriff Sheffield provided full responses based on his personal knowledge to both interrogatories. It is immaterial to his answers whether he actually received and reviewed the medical records Plaintiff references. Accordingly, the Court **DENIES** Plaintiff's motion to compel as to Defendant Sheffield.

### B. Requests to Defendant Barrentine

Remaining in dispute for Defendant Tommy Barrentine, Lieutenant, are three interrogatories as follows:

4

*3. On p. 140 and 146 of Mr. Clark's Dodge Co. Hosp. records (exhibit 2) on May 12, 13, 2015, deputies Screws and White both signed these pages as his "representatives." Did you ask either one the next day about his injuries, the seriousness of them, or the "suggested" treatment as stated by Dr. Rankine—the em.rm. dr.?*

*RESPONSE: Defendant does not admit the truth or accuracy of the statement about the record, which has not been provided with the Plaintiff's requests. Subject to the foregoing and without waiving same, Defendant does not recall any such discussion(s).*

*10. After 11:58 p.m. May 12, 2015, the "diagnostic imaging report" on p. 149 of records in exhibit 2 was given to the em. rm. Dr. Rankine containing x-rays of Mr. Clark's fractured knee. Deputy Screws signed this page at 2:10 a.m. May 13, 2015, as Mr. Clark's "representative." Did you as jail administrator inquire about these records from booking, or discuss them with anybody?*

*RESPONSE: Defendant does not admit the truth or accuracy of the statement about the record, which has not been provided with the Plaintiff's requests. Subject to the foregoing, Defendant has no recollection of such an inquiry or discussion.*

*11. After a visit by his attorney, Mitch Warnock, on July 9, 2015, he discovered that Mr. Clark had suffered a stroke earlier. This fact is referred to in pages 34, 35 and 42 of (exhibit 3) of Mr. Clark's G.D.C. medical records. Why was Mr. Clark transported to Jackson, Ga. that day, and who gave the order for his removal that day?*

*RESPONSE: Defendant does not admit the truth or accuracy of the statement about the record, which has not been provided with the Plaintiff's requests. Subject to the foregoing, Defendant does not have a specific recollection of personal involvement with the transfer situation. Normally when the Department of Corrections is ready to receive a convict, the Sheriff's Office is notified and then transports that convict to the state correctional facility.*

Despite noting the records referenced in the interrogatories were not attached as stated, Lieutenant Barrentine provided full responses based on his personal knowledge to all three interrogatories. It is immaterial to his answers whether he actually received and reviewed the medical records Plaintiff references. Accordingly, the Court **DENIES** Plaintiff's motion to compel as to Defendant Barrentine.

### C. Requests to Defendant Wrobel

Remaining in dispute for Defendant Peter Wrobel, doctor, are three interrogatories as follows:

> *11. While in your care at the Dodge Co. L.E.C., Mr. Clark suffered mainly and initially, from a "tibial plateau fracture" (see exhibit 2) which was not treated for 27 days. The result was swelling, discoloration, "marked effusion" and "pain[.]" Did you ever suspect that this could be described as deliberate indifference?*
>
> *RESPONSE: This Defendant objects to Request No. 11 as argumentative and improper. Subject to the foregoing objections and without waiving the same, Dr. Wrobel denies the first sentence of this Request, as stated, and further denies that "exhibit 2" is attached to Plaintiff's Requests. Dr. Wrobel denies any allegations of deliberate indifference. Mr. Clark received medical attention on the day of his arrival to the Dodge Co. L.E.C. and multiple times thereafter. Southern Correctional Medicine, through its employees, requested Mr. Clark's medical records from Dodge County Hospital, including discharge instructions, which were followed. This Defendant, along with other employees of Southern Correctional Medicine, examined and assessed Mr. Clark multiple times throughout his incarceration, ordered a knee immobilizer, ordered an X-ray of his right knee, ordered medications, ordered and scheduled an orthopedic consult for additional follow-up medical treatment outside the jail, including CT scan and surgery. Mr. Clark's symptoms were expected findings following tibial plateau fracture and surgery to correct same.*

*12. As is recorded on pages of records in (exhibit 3, p. 34, 35, and 42) of Mr. Clark's G.D.C. medical records, after he was found by atty. Mitch Warnock on July 9, 2015, and hauled to Jackson, GA, the doctor's diagnosis states that Mr. Clark had a "mild stroke" while in the Dodge Co. Jail. Did you or your employees treat Mr. Clark for this "stroke"? If so, what did you do and when?*

*RESPONSE: Dr. Wrobel denies the first sentence of Request No. 12, as stated, and further denies that "exhibit 3" is attached to Plaintiff's Requests. Dr. Wrobel denies that Mr. Clark experienced a stroke while under the care of Southern Correctional Medicine at the Dodge Co. L.E.C. By way of further response, Dr. Wrobel prescribed blood pressure medication to treat Mr. Clark's mild hypertension. This medication was, at times, refused by Mr. Clark.*

*13. In (exhibit 3), the state contracted orthopedist, Dr. Hopkins, on p. 26, as did Dr. Rosenbaum in exhibit 2, that a month delay in treating a knee fracture such as Mr. Clark's, not only caused "marked effusion" and "pain", but made surgical repair and healing more difficult. Were the damages of physical deterioration of plaintiff's knee and pain and suffering proximately caused by you as sole medical provider? If not, why not?*

*RESPONSE: Dr. Wrobel denies the first sentence of Request No. 13, as stated, and further denies that "exhibit 2" and "exhibit 3" are attached to Plaintiff's Requests. This Defendant denies causing or contributing to any injuries claimed by Plaintiff. By way of further response, Dr. Wrobel affirmatively states that Mr. Clark received ample medical attention resulting in a good outcome.*

Despite noting the records referenced in the interrogatories were not attached as stated, Dr. Wrobel provided full responses based on his personal knowledge to all three interrogatories. It is immaterial to his answers whether he actually received and reviewed the

7

medical records Plaintiff references. Accordingly, the Court **DENIES** Plaintiff's motion to compel as to Defendant Wrobel.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Compel. (Doc no. 32.)

SO ORDERED this 26th day of March, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA