IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| ARTHUR LAWTON CLARK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CV 317-025 |
| LYNN SHEFFIELD, Sheriff; LT. TOMMY BARRENTINE; and DR. PETER WROBEL, | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court are Defendant Peter Wrobel's Motion to File under Seal (doc. no. 47) and Plaintiff's Motion for Extension of Time to Respond to Defendants' Motions for Summary Judgment (doc. no. 51). Under Local Rule 79.7(d), "part[ies] seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." As the Local Rules reflect, the filing of documents under seal is generally disfavored, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted). "The common law right of access may

be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Id. at 1246. (citing Chicago Tribune Co. v. Bridgestone/ Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001)).

Defendant Wrobel states he "wishes to protect Plaintiff's privacy." (Doc. no. 47, p. 2.) However, Plaintiff vigorously opposes the motion and "would prefer, instead, that said records be easily obtainable . . . ." (Doc. no. 52, pp. 6-7.) Accordingly, the Court **DENIES** Defendant Wrobel's Motion to File Under Seal (doc. no. 47) and **ORDERS** him to file on the docket the medical records in support of his motion for summary judgment within seven days of this Order.

Turning to Plaintiff's Motion for Extension, the Court **GRANTS** Plaintiff's request. (Doc. no. 51.) Plaintiff shall have through and including July 27, 2018, to respond to Defendants' motions for summary judgment. To make sure Plaintiff fully understands the ramifications of Defendants' motions for summary judgment should he not file a response, the Court will now reiterate to Plaintiff the consequences of a motion for summary judgment.[1]

Once a motion for summary judgment is filed, the opponent should be afforded a reasonable opportunity to counter the affidavits of the movant. Griffith v. Wainwright, 772

---

[1] Plaintiff was first informed of the consequences of a summary judgment motion in the Court's May 5, 2017 Order. (Doc. no. 2, pp. 4-5.)

F.2d 822, 825 (11th Cir. 1985). The reasonable opportunity encompasses not only time to respond, but notice and an explanation of rights that may be lost if a response is not filed. Id.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and demonstrating that there is an absence of any dispute as to a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Also the moving party may be granted summary judgment if they show the Court there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party makes this showing, then they are entitled to a judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Id.

This Court in ruling on a summary judgment motion must determine whether under the governing law there can be but one reasonable conclusion as to the verdict. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Moreover, a mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to defeat a summary judgment motion; there must be evidence on which the jury could reasonably find for Plaintiff. See id. at 252. All reasonable doubts, however, must be resolved in favor of the party opposing summary judgment. Casey Enters., Inc. v. American Hardware Mutual Ins.

Co., 655 F.2d 598, 602 (5th Cir. Unit B Sept. 1981).[2] When, however, the moving party's motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of fact exists. This burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Morris v. Ross, 663 F.2d 1032, 1033 (11th Cir. 1981).

Should Plaintiff not express opposition to Defendants' motions, the consequences are these: Any factual assertions made in the affidavits of the party moving for summary judgment will be deemed admitted by this Court pursuant to Loc. R. 7.5 and Fed. R. Civ. P. 56 unless Plaintiff contradicts the movant's assertions through submission of his own affidavits or other documentary evidence, and the motion for summary judgment will be granted on the grounds that said motion is unopposed. See Loc. R. 7.5.

Accordingly, the Court **ORDERS** Plaintiff to file any opposition to Defendants' motions for summary judgment, with appropriate supporting affidavits, or to inform the Court of his decision not to object to Defendants' motion by July 27, 2018. To ensure that Plaintiff's response is made with fair notice of the requirements of the summary judgment rule, the Clerk of Court is **INSTRUCTED** to attach a copy of Fed. R. Civ. P. 56 to the copy

---

[2]In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

of this Order that is served on Plaintiff.

SO ORDERED this 12th day of June, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA