IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR LAWTON CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-025 |
| | ) | |
| LYNN SHEFFIELD, Sheriff; LT. TOMMY | ) | |
| BARRENTINE; and DR. PETER WROBEL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 72.) On February 26, 2019, Defendants filed responses to Plaintiff's objections. (Doc. nos. 73-74.) On March 8, 2019, Plaintiff filed a "Request to Reconsider" and reply to Defendants' response to his objections. (Doc. nos. 75-76.) Because the Court has not previously reviewed and ruled on the Magistrate Judge's R&R, Plaintiffs Request to Reconsider is **DENIED AS MOOT**. The Court considers his Request to Reconsider, along with his reply to Defendants' responses, as additional objections to the Magistrate's R&R. Although, nothing in Plaintiff's objections or his Request to Reconsider undermines the Magistrate Judge's recommendation, the Court will briefly address some of his arguments.

First, Plaintiff argues the Court should consider an excerpt from his testimony in the related criminal case, Plaintiff's affidavit, and an affidavit signed by his sister almost two

weeks after the Magistrate Judge's R&R. (Id. at 2, 12-13, 16, 28-29; see doc. no. 72-1, pp. 6-7, 14-16.) This information was not before the Magistrate Judge. While courts have the discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection to an R&R, they are under no obligation to do so. Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. 2017) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same). The Court chooses not to consider Plaintiff's new evidence here because Plaintiff had more than enough time to develop the record. Additionally, even if the Court did consider the information, it does not create a genuine dispute of material fact undermining the Magistrate Judge's R&R.

Second, Plaintiff argues certain facts are false or disputed without any citation to the record, which is deficient. See Fed. R. Civ. P. 56 (c) (requiring facts asserted on summary judgment to be supported by citation to record); Williams v. Slack, 438 F. App'x 848, 849-50 (11th Cir. 2011) (finding no error in deeming defendants' statements of material fact admitted where *pro se* prisoner failed to respond with specific citations to evidence and otherwise failed to state valid objection to statement). The Court examines a few of Plaintiff's "disputed facts."

Plaintiff argues the Magistrate Judge should not have considered the May 13, 2015, examination by Ms. Stewart because it never occurred and was a disputed fact in his Statement of Material Facts ("SMF"). (Doc. no. 58.) However, the objective medical record clearly shows Plaintiff was examined on May 13th, the day after his injury, by Ms. Stewart. (Doc no. 54-6.) Further, in response to Dr. Wrobel's Statement of Material Facts and

2

citation to the record, Plaintiff never provided a specific citation to the record, nor any opposing affidavits, showing the examination did not occur. (See doc. no. 58, pp. 1-2, 5.)

Next, Plaintiff argues the Magistrate Judge improperly found there was no document stating the emergency physician suggested Plaintiff see Dr. Rosenbaum "a.s.a.p." (Doc. no. 72, pp. 5-6.) Plaintiff contends there was such a document and it is material to the case because it shows Defendants were deliberately indifferent to his serious medical needs by not sending Plaintiff to Dr. Rosenbaum sooner. (Id.; see doc. no. 72-1, p. 2.) Plaintiff is correct that boilerplate language in the medical form instructs Plaintiff to follow up as soon as possible, but in no way does this boilerplate language suggest Plaintiff's specific condition required urgent follow up care. Just as importantly, Dr. Wrobel did not know about Plaintiff's injuries until the first examination on May 26, 2015, at which time Dr. Wrobel immediately scheduled Plaintiff to see Dr. Rosenbaum. (Doc. no. 68, pp. 12-13.)

Third, Plaintiff contends Shf. Sheffield and Lt. Barrentine knew of Plaintiff's alleged stroke on July 17, 2015, because they approved Plaintiff's immediate transfer to Jackson State Prison in Jackson, Georgia. (Doc. no. 72, pp. 13-16.) Other than Plaintiff's speculation, there is no evidence showing Shf. Sheffield and Lt. Barrentine approved Plaintiff's transfer. Nor is there any evidence either Defendant knew about the stroke and transferred Plaintiff because of it.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **DENIES AS MOOT** Plaintiff's Request to Reconsider, (doc. no. 75), **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Defendants' motions for summary

judgment, (doc. no. 46, 49), **DIRECTS** the Clerk to **ENTER** final judgment in favor of Defendants, and **CLOSES** this civil action.

SO ORDERED this 20th day of March 2019, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE